This action is upon an alleged guaranty, as proof of which the plaintiff relied upon the following letter:
ST. Louis, Mo., 19 March, 1897.
MESSRS.W. T. HUGHES Co., Louisburg, N.C.
GENTLEMEN: — Your letter of the 11th inst., making inquiry about the general standing of J. E. M. Walker, received. We regard him as a perfectly reliable, trustworthy gentleman, with whom your samples and sales would be entirely safe and doubly so as all tobacco of yours that *Page 147 
might be shipped would come direct to the Peper Tobacco Warehouse Company, and the payment of all such tobacco would be made by us to you for all sales. (159)
Yours truly, NICHOLAS N. BELL, Manager,
Per HALL.
Bell was manager of the defendant company. The defendant demurred, giving as its first ground that the letter did not constitute a guaranty, and hence the plaintiff's complaint did not set forth a cause of action, and the court below so held.
We do not think that this letter constituted a guaranty by the defendant to Hughes Company of payment of all tobacco which they should ship J. E. M. Walker. A guaranty is a contract, an aggregatio mentium. This letter is on its face merely a response to a letter of inquiry to ascertain the general standing of J. E. M. Walker, and not to a request for them to guarantee purchases made by him. The reply contains what was asked for — information — and nothing more. This reply states that the defendant "regarded" Walker as a reliable and trustworthy gentleman, with whom Hughes Company's samples and sales would be entirely safe, and doubly so, because Hughes Company's tobacco would come direct to the defendant's warehouse, and payment for all sales of such tobacco would be made by the defendant to the plaintiffs. This was merely a statement of the defendant's opinion of Walker's reliability and of the manner in which the defendant would handle the tobacco, and the additional safety this method would be to the plaintiff. Besides, there was no consideration for the guaranty. The tobacco was already being shipped to the defendant for Walker, as it would seem from the letter, and there certainly is no agreement shown to so ship, nor an indication of any benefit to accrue to the defendant. Neither in the letter nor in the attendant circumstances is there anything to justify holding this letter to be a guaranty. The purport of the letter depends upon its intent, as derived from its perusal; and cases cited upon the construction of other papers, differently (160) worded, could be of no assistance to us.
As the letter is not a guaranty it becomes entirely unnecessary to consider the other exceptions. The judgment sustaining the demurrer is
Affirmed. *Page 148